UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------X
Dwayne Ambrose and Marlon Rowe
                Plaintiffs,                                    **COMPLAINT AND**
                                                                **JURY DEMAND**

                -against-

THE CITY OF NEW YORK, NYPD DETECTIVE ALBERT LLOYD
SHIELD 1289, NYPD LIEUTENANT AIMAN AHMED SHIELD 3429,
NYPD DETECTIVE SALVATORE TRISCRITTI SHIELD 7881,
NYPD OFFICERS JOHN DOE # 1 to approximately # 10, the names
being fictitious, presently unknown, in their individual and official
capacities as employees of the New York City Police Department
                Defendants.
-----------------------------------------------------------------------------------X

Plaintiffs, Dwayne Ambrose and Marlon Rowe, by their attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, allege the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Defendant Police Officers named and unnamed, police officers of the City of New York, in their individual and official capacities. Plaintiffs seek compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiffs also assert jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiffs request this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiffs' federal claims.

## VENUE

3. Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the defendants NEW YORK CITY POLICE OFFICERS named and unnamed have their Precincts within the boundaries of said District and because said district is where the events or omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiffs at all times relevant hereto resided in the City and State of New York.

5. Plaintiff Ambrose is a 37 year old African American US citizen residing in Brooklyn who has previously been targeted by the NYPD as a result of racial animus and falsely arrested.

6. Plaintiff Rowe is a 43 year old African American US citizen residing in Brooklyn who has previously been targeted by the NYPD as a result of racial animus and falsely arrested.

7. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

8. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, and on information and belief, defendant Police Officers were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by THE NEW YORK CITY POLICE DEPARTMENT.

10. At all times mentioned herein, defendants acted under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

11. That at all times hereinafter mentioned, and upon information and belief, defendant police officers herein acted both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.  And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

12. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

### FACTUAL ALLEGATIONS RE: PLAINTIFF AMBROSE SHOOTING CASE FALSE ARREST

13. On 26 September 2013 at approximately 4p.m., a shooting occurred on MacDougal St. and Stove Ave in Brooklyn, NY and at least one person was injured.

14. On 8 October 2013 at approximately 11:15 a.m. Plaintiff Ambrose was arrested by defendant police officers including but not limited to defendant SALVATORE TRISCRITTTI for the shooting. He was at 1107 East 80th St. in Brooklyn with his girlfriend moving his car when the police apprehended him. He was taken to the 73 Precinct where police interrogated him in violation of his rights and threatened to confiscate his vehicle if he did not confess to the shooting.

15. By 9 October 2013 he was formally charged with attempted murder and related charges and taken to Central Booking in Brooklyn.

16. On 10 October 2013 he was arraigned. Bail was set which was not made and he was held in custody until approximately 12 October 2013 when he was able to make bail.

17. Due to the false arrest in this case Plaintiff Ambrose lost out on job opportunities which were available and open with Con Edison. Plaintiff Ambrose had prior work experience with Con Edison and was aware of their policy not to hire persons with pending violent felony cases, which he confirmed by contacting their human resources department. He was informed that but for his pending case he would be hired due to his eligibility based on his prior employment.

18. Additionally Plaintiff Ambrose suffered worsened child visitation issues in Family Court because the mother of his child used the pending charges against him to worsen said conditions, including but not limited to a reduction of his visitation from weekends to a single one-hour visit every two weeks.

19. Plaintiff Ambrose appeared in court approximately ten times, missing work for his court dates, until 6 March 2015 when the case against him was dismissed and the record sealed. *See* Attachment 1: Kings County Criminal Court Complaint 2013KN078595 and Attachment 2: Certificate of Disposition Dismissal.

20. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Plaintiff suffered injuries including but not limited to assault and battery, emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury an suffering.

## FACTUAL ALLEGATIONS RE: PLAINTIFFS' FALSE ARREST ON 12 NOVEMBER 2013 FOR MARIJUANA RELATED CHARGES

21. On 12 November 2013 at approximately 8pm in the vicinity of East 23rd Street and Ditmas Ave in Brooklyn, NY, plaintiffs were in their vehicle, a BMW, when defendant police officers including but not limited to defendants AIMAN AHMED and ALBERT LLOYD approached them and removed them from the vehicle without cause or justification.

22. Defendant Officers then placed Plaintiffs up against the rear of the BMW and searched plaintiffs without cause or justification.

23. Defendant Officers then found and took approximately one thousand dollars from Plaintiff Ambrose without cause or justification.

24. Defendant Officers then handcuffed plaintiffs behind the back without cause or justification.

25. Plaintiffs were then transported to the 70 precinct without cause or justification.

26. Plaintiffs were denied food at said precinct.

27. Eventually Plaintiff Rowe was given a Desk Appearance Ticket.

28. Eventually Plaintiff Ambrose was taken to Central Booking where he was strip-searched without cause or justification.

29. On 13 November 2013, after approximately 24 hours in custody, Plaintiff Ambrose was arraigned and released on his own recognizance.

30. Plaintiff Ambrose appeared in court approximately between 5-10 times, missing days of work.

31. Additionally as the case progressed Plaintiffs were informed that there was video surveillance of their arrest which Plaintiffs demanded and which would have demonstrated that they had committed no crimes.

32. Eventually the cases against Plaintiff were terminated in their favor. *See* Attachment 3: Kings County Criminal Court Complaint and Attachment 4: Certificate of Disposition Dismissal for Plaintiff Ambrose.

33. To date the NYPD has refused to acknowledge taking Plaintiff Ambrose's money; no voucher was provided despite multiple requests.

## FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

34. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

35. Defendants subjected Plaintiffs to false arrest, imprisonment, and deprivation of liberty without probable cause.

36. Defendants have deprived Plaintiffs of civil, constitutional and statutory rights and have conspired to deprive Plaintiffs of such rights and are liable to Plaintiffs under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

37. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiffs were damaged in the sum of One Million ($1,000,000.00) Dollars each.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

38. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

39. Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiffs as a result of the conduct of its employees, agents, and servants.

40. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

41. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

42. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

43. Defendant CITY OF NEW YORK has damaged the Plaintiffs by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

44. Defendants subjected Plaintiffs to false arrest and false imprisonment.

45. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars each.

## THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

Case 1:16-cv-05317-JBW-CLP   Document 1   Filed 09/26/16   Page 5 of 13 PageID #: 5

46. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

47. Defendant Officers arrested Plaintiffs subjecting them to false arrest, imprisonment and deprivation of liberty with probable cause.

48. That as a result of the foregoing, Plaintiffs have been deprived of his following rights, privileges and immunities secured by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiffs not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

49. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars each.

## FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

50. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

51. Defendant Officers illegally arrested Plaintiffs subjecting them to false arrest, imprisonment and deprivation of liberty with probable cause.

52. That as a result of the foregoing, Plaintiffs have been deprived of the following rights, privileges and immunities secured by the constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; Plaintiffs' rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

53. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars each.

## FIFTH CAUSE OF ACTION
(ASSAULT and EXCESSIVE FORCE)

54. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

55. That the Court has pendant jurisdiction of this claim.

56. That as a result of the foregoing, Defendant Officers intentionally put the Plaintiffs in fear and fright of imminent physical harm.

57. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of Defendant Officers, NEW YORK CITY POLICE DEPARTMENT, and CITY OF NEW YORK in the amount of One Million ($ 1,000,000.00) Dollars each.

## SIX CAUSE OF ACTION
(BATTERY and EXCESSIVE FORCE)

58. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

59. Defendant Officers battered the Plaintiffs.

60. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of Defendant Officers, NEW YORK CITY POLICE DEPARTMENT, and CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars each.

## SEVENTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

61. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

62. Defendants caused a false accusatory instrument to be filed against Plaintiffs.

63. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

64. Defendants have deprived Plaintiffs of civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to Plaintiffs under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

65. Plaintiffs were damaged in the sum of One Million ($1,000,000.00) Dollars each as a result of the malicious prosecution implemented by the defendants.

## EIGHTH CAUSE OF ACTION
(CONDITIONS of CONFINEMENT/DELIBERATE INDIFFERENCE to MEDICAL NEEDS)

66. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

67. Defendant Officers subjected Plaintiffs to unlawful harassment and arrest.

68. As a result of Defendants' conduct, Plaintiffs suffered a loss of freedom and theft of property.

## NINTH CAUSE OF ACUTION
(DENIAL of a FAIR TRIAL)

69. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

70. Defendant's misrepresentations about Plaintiffs to prosecutors deprived Plaintiffs of liberty because they were required to appear in court after the misrepresentations were made.

71. Accordingly, defendants are liable to Plaintiffs under the Sixth Amendment for denial of a fair trial.

72. As a result, Plaintiffs suffered the injuries as set forth within this complaint.

## TENTH CAUSE OF ACTION
(CRUEL and UNUSUAL PUNISHMENT)

73. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

74. As a result of defendants' conduct, Plaintiffs unnecessarily suffered cruel and unusual punishment.

## ELEVENTH CAUSE OF ACTION
(NEGLIGENCE)

75. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

76. Defendants' owed a duty to Plaintiffs who were prisoners in the custody and care of defendants.

77. Defendants breached their duty to Plaintiffs.

78. As a result, Plaintiffs suffered injuries.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against the defendants, jointly and severally as follows:

A.  In favor of Plaintiffs in the amount of One Million ($1,000,000.00) Dollars each on each of Plaintiffs' Causes of Action;

B.  Awarding Plaintiffs punitive damages in the amount of One Million ($1,000,000.00) Dollars each on each of Plaintiffs' Causes of Action;

C.  Awarding Plaintiffs reasonable attorney's fees, costs and disbursements of this action;

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial.

Dated:  23 September 2016
New York, New York

_____/s/_____
Gregory Zenon, The Law Office of Gregory Zenon
*30 Wall Street, 8th Floor*
*New York, New York 10005*
*212.380.8582*
*zenonlaw@yahoo.com*
Attorney for Plaintiffs

# Attachment 1: Criminal Court Complaint 2013KN078595

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK

STATE OF NEW YORK
COUNTY OF KINGS

V

DWAYNE AMBROSE

DETECTIVE SALVATOR TRISCRITTI SHIELD NO.7881, OF 295 COMMAND SAYS THAT ON OR ABOUT SEPTEMBER 26,2013 AT APPROXIMATELY 04:03 PM AT MACDOUGAL STREET AND STONE AVENUE COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

| | |
|---|---|
| PL 120.10(1) | ASSAULT IN THE FIRST DEGREE (DQO) |
| PL 265.03(1)(B) | CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE (DQO) |
| PL 120.05(2) | ASSAULT IN THE SECOND DEGREE (DQO) (2 COUNTS) |
| PL 265.01-B(1) | CRIMINAL POSSESSION OF A FIREARM (DQO) |
| PL 120.00(1) | ASSAULT IN THE THIRD DEGREE (DQO) (2 COUNTS) |
| PL 120.14(1) | MENACING IN THE SECOND DEGREE (DQO) (2 COUNTS) |
| PL 110/120.00(1) | ATTEMPTED ASSAULT IN THE THIRD DEGREE (DQO) (2 COUNTS) |
| PL 120.15 | MENACING IN THE THIRD DEGREE (DQO) (2 COUNTS) |
| PL 240.26(1) | HARASSMENT IN THE SECOND DEGREE (2 COUNTS) |

IN THAT THE DEFENDANT DID:

WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, CAUSE SUCH INJURY TO SUCH PERSON OR TO A THIRD PERSON; WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, ATTEMPT TO CAUSE SUCH INJURY TO SUCH PERSON OR TO A THIRD PERSON; WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, CAUSE SUCH INJURY TO SUCH PERSON OR TO A THIRD PERSON BY MEANS OF A DEADLY WEAPON OR A DANGEROUS INSTRUMENT; WITH INTENT TO CAUSE SERIOUS PHYSICAL INJURY TO ANOTHER PERSON, CAUSE SUCH INJURY TO SUCH PERSON OR TO A THIRD PERSON BY MEANS OF A DEADLY WEAPON OR A DANGEROUS INSTRUMENT; INTENTIONALLY PLACE OR ATTEMPT TO PLACE ANOTHER PERSON IN REASONABLE FEAR OF PHYSICAL INJURY, SERIOUS PHYSICAL INJURY OR DEATH BY DISPLAYING A DEADLY WEAPON, DANGEROUS INSTRUMENT OR WHAT APPEARED TO BE A PISTOL, REVOLVER, RIFLE, SHOTGUN, MACHINE GUN OR OTHER FIREARM; BY PHYSICAL MENACE, INTENTIONALLY PLACE OR ATTEMPT TO PLACE ANOTHER PERSON IN FEAR OF DEATH, IMMINENT SERIOUS PHYSICAL INJURY OR PHYSICAL INJURY; WITH INTENT TO HARASS, ANNOY OR ALARM ANOTHER PERSON, STRIKE, SHOVE, KICK OR OTHERWISE SUBJECT SUCH OTHER PERSON TO PHYSICAL CONTACT, OR ATTEMPT OR THREATEN TO DO THE SAME; POSSESS ANY FIREARM;; WITH INTENT TO USE UNLAWFULLY AGAINST ANOTHER, POSSESS A LOADED FIREARM.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT IS INFORMED BY STEVEN WALKER THAT, AT THE ABOVE TIME AND PLACE, INFORMANT OBSERVED THAT THE DEFENDANT WAS IN THE DRIVER SEAT OF A SILVER BMW, WAS THE SOLE OCCUPANT OF SAID VEHICLE, AND WHILE INFORMANT WAS APPROXIMATELY FIFTEEN FEET FROM SAID VEHICLE, INFORMANT HEARD GUNSHOTS FROM THE LOCATION OF SAID VEHICLE.

DEPONENT IS FURTHER INFORMED BY KEITH PENDERGRASS THAT, AT THE ABOVE TIME AND PLACE, INFORMANT OBSERVED A MAN EXIT A SILVER BMW, DISPLAY A FIREARM AND FIRE MULTIPLE GUNSHOTS IN THE DIRECTION OF LAMAR DAVIS.

THE DEPONENT IS FURTHER INFORMED BY THE LAMAR DAVIS THAT THE ABOVE DESCRIBED ACTIONS CAUSED INFORMANT TO SUFFER A GUN SHOT WOUND TO THE THIGH THAT REQUIRED TREATMENT AT A LOCAL HOSPITAL, TO SUFFER SUBSTANTIAL PAIN, TO FEAR FURTHER PHYSICAL INJURY AND TO BECOME ALARMED AND ANNOYED.

THE DEPONENT IS FURTHER INFORMED BY GLENFORD MOORE THAT, AT THE ABOVE TIME AND PLACE, INFORMANT WAS STRUCK BY A BULLET CAUSING INFORMANT TO SUFFER A LACERATION

Printed 10/09/2013 13:01    K13690524    Arrested: 10/08/2013 15:59



2013KN078595

# Attachment 1: Criminal Court Complaint 2013KN078595

TO THE ARM, TO SUFFER SUBSTANTIAL PAIN, TO FEAR FURTHER PHYSICAL INJURY AND TO BECOME ALARMED AND ANNOYED.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

DATE / SIGNATURE

Printed 10/09/2013 13:01    K13680524    Arrested: 10/08/2013 15:59

SUPREME COURT OF THE STATE OF NEW YORK        FEE:$10.00
KINGS COUNTY
320 JAY STREET
BROOKLYN, NY 11201

## Attachment 2: CERTIFICATE OF DISPOSITION DISMISSAL

DATE: 04/16/2015                          CERTIFICATE OF DISPOSITION NUMBER: 42701

PEOPLE OF THE STATE OF NEW YORK           CASE NUMBER:          08722-2013
            VS.                           LOWER COURT NUMBER(S): 2013KN078595
                                          DATE OF ARREST:       10/08/2013
                                          ARREST #:             K13690524
                                          DATE OF BIRTH:        04/17/1979
AMBROSE,DWAYNE                            DATE FILED:           11/26/2013

_____
    DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 03/06/2015 THE ABOVE ACTION WAS
DISMISSED AND ALL PENDING CRIMINAL CHARGES RELATED TO
THIS ACTION WERE ALSO DISMISSED BY THE HONORABLE  SHILLINGFORD,R   THEN
A JUDGE OF THIS COURT.

THE DEFENDANT WAS DISCHARGED FROM THE JURISDICTION OF THE COURT.

THE ABOVE MENTIONED DISMISSAL IS A TERMINATION OF THE CRIMINAL
ACTION IN FAVOR OF THE ACCUSED AND PURSUANT TO SECTION 160.60 OF
THE CRIMINAL PROCEDURE LAW "THE ARREST AND PROSECUTION SHALL BE
DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN
CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE ARREST
AND PROSECUTION".

PURSUANT TO SECTION 160.50(1C) OF THE CRIMINAL PROCEDURE LAW, ALL
OFFICIAL RECORDS AND PAPERS RELATING TO THIS CASE ARE SEALED.


IN WITNESS WHEREOF,I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 04/16/2015.

                              **NANCY T. SUNSHINE**
                              **Kings County Clerk**
                              _____
                                 COURT CLERK




SEALED NO PUBLIC
      RECORD

# Attachment 3: Criminal Court Complaint 2013KN086962

Fax:        Nov 13 2013 10:35am P002/003

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK          STATE OF NEW YORK
                                              COUNTY OF KINGS
            v.

DWAYNE AMBROSE

DETECTIVE ALBERT LLOYD SHIELD NO.1283 OF NBBS COMMAND SAYS THAT ON OR ABOUT NOVEMBER 12, 2013 AT APPROXIMATELY 08:00 PM AT EAST 23RD STREET AND DITMAS AVENUE COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

PL 221.40        CRIMINAL SALE OF MARIHUANA IN THE FOURTH DEGREE
PL 221.10(1)     CRIMINAL POSSESSION OF MARIHUANA IN THE FIFTH DEGREE
PL 221.05        UNLAWFUL POSSESSION OF MARIHUANA (2 COUNTS)

IN THAT THE DEFENDANT DID:

KNOWINGLY AND UNLAWFULLY POSSESS MARIHUANA; KNOWINGLY AND UNLAWFULLY POSSESS MARIHUANA IN A PUBLIC PLACE, AS DEFINED IN PENAL LAW SECTION 240.00, AND SUCH MARIHUANA IS BURNING OR OPEN TO PUBLIC VIEW; KNOWINGLY AND UNLAWFULLY SELL MARIHUANA, EXCEPT AS PROVIDED IN PENAL LAW SECTION 221.35.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

THE DEPONENT IS INFORMED BY POLICE SERGEANT AYMAN AHMED SHIELD NO.3429, OF NBBS COMMAND, THAT AT THE ABOVE TIME AND PLACE, WHICH WAS PUBLIC, THE INFORMANT OBSERVED THE DEFENDANT HAND A QUANTITY OF MARIHUANA TO ROWE MARLON, DAT ARREST NO.K13701146, AND IN EXCHANGE, ROWE MARLON DID HAND A SUM OF UNITED STATES CURRENCY TO THE DEFENDANT.

THE DEPONENT IS FURTHER INFORMED BY THE INFORMANT, THAT INFORMANT RECOVERED THE ABOVE-MENTIONED QUANTITY OF MARIHUANA FROM THE ABOVE-MENTIONED ROWE MARLON.

THE DEPONENT IS FURTHER INFORMED BY THE INFORMANT THAT THE INFORMANT HAS HAD PROFESSIONAL TRAINING AS A POLICE OFFICER IN THE IDENTIFICATION OF MARIHUANA, HAS PREVIOUSLY MADE ARRESTS FOR THE CRIMINAL POSSESSION OF MARIHUANA, HAS PREVIOUSLY SEIZED MARIHUANA, WHICH WAS DETERMINED TO BE SUCH BY A CHEMICAL ANALYSIS BY THE POLICE DEPARTMENT LABORATORY, AND THE SUBSTANCE IN THIS CASE POSSESSES THE SAME PHYSICAL CHARACTERISTICS AS SUCH PREVIOUSLY CHEMICALLY IDENTIFIED SUBSTANCE AND BY PROFESSIONAL TRAINING AND EXPERIENCE AS A POLICE OFFICER, IS FAMILIAR WITH COMMON METHODS OF PACKAGING MARIHUANA AND THE ZIPLOCK BAG USED TO PACKAGE THE SUBSTANCE IN THIS CASE IS A COMMONLY USED METHOD OF PACKAGING SUCH SUBSTANCE
AND THAT A FIELD TEST CONDUCTED ON THE SUBSTANCE CONFIRMED THAT THE SUBSTANCE IS MARIHUANA.

BASED ON THE FOREGOING, IN INFORMANT'S OPINION, THE SUBSTANCE IN THIS CASE IS MARIHUANA.

THE DEPONENT FURTHER STATES, THAT AT THE ABOVE TIME AND PLACE, THE DEPONENT OBSERVED THE DEFENDANT IN POSSESSION OF AN ADDITIONAL QUANTITY OF MARIHUANA, IN THAT THE DEPONENT DID RECOVER SAID QUANTITY OF MARIHUANA FROM THE FLOOR OF A BMW, NEW JERSEY LICENSE PLATE NO.K85-CRH, THAT THE DEFENDANT WAS DRIVING.

THE DEPONENT FURTHER STATES THAT THE DEPONENT HAS HAD PROFESSIONAL TRAINING AS A POLICE OFFICER IN THE IDENTIFICATION OF MARIHUANA, HAS PREVIOUSLY MADE ARRESTS FOR THE CRIMINAL POSSESSION OF MARIHUANA, HAS PREVIOUSLY SEIZED MARIHUANA, WHICH WAS DETERMINED TO BE SUCH BY A CHEMICAL ANALYSIS BY THE POLICE DEPARTMENT LABORATORY, AND THE SUBSTANCE IN THIS CASE POSSESSES THE SAME PHYSICAL CHARACTERISTICS AS SUCH PREVIOUSLY CHEMICALLY IDENTIFIED SUBSTANCE AND BY PROFESSIONAL TRAINING AND EXPERIENCE AS A POLICE OFFICER, IS FAMILIAR WITH COMMON METHODS OF PACKAGING MARIHUANA AND THE ZIPLOCK BAGS USED TO PACKAGE THE

Printed 11/13/2013 10:21   K13701160   Arrested: 11/12/2013 20:00

# Attachment 3: Criminal Court Complaint 2013KN086962

SUBSTANCE IN THIS CASE IS A COMMONLY USED METHOD OF PACKAGING SUCH SUBSTANCE AND THAT A FIELD TEST CONDUCTED ON THE SUBSTANCE CONFIRMED THAT THE SUBSTANCE IS MARIHUANA.

BASED ON THE FOREGOING, IN DEPONENT'S OPINION, THE SUBSTANCE IN THIS CASE IS MARIHUANA.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

11/13/13
DATE            SIGNATURE

Printed 11/13/2013 10:21   K13701160   Arrested: 11/12/2013 20:00

## Attachment 4:

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

CERTIFICATE OF DISPOSITION
NUMBER: 511325

THE PEOPLE OF THE STATE OF NEW YORK
VS

AMBROSE, DWAYNE
Defendant

04/17/1979
Date of Birth

330 EAST 28TH STREET
Address

80094300
NYSID Number

BROOKLYN      NY    11226
City          State   Zip

11/12/2013
Date of Arrest/Issue

Summons No:

Docket Number: 2013KN086962

221.40 221.10 221.05
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|--------------|-------|------|
| 11/03/2014 | DISMISSED AND SEALED | RODRIGUEZ, R | AP2 |

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY    X COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

SOURCE   _ ACCUSATORY INSTRUMENT   _ DOCKET BOOK/CRIMS   \_ CRC3030[CRS963]

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

TUMBARELLO, J
COURT OFFICIAL SIGNATURE AND SEAL

11/05/2014
DATE       FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)